26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Elmer L. NAKISO, II, Defendant-Appellant.
 No. 93-10514.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 13, 1994.
Decided May 27, 1994.
 
 Before: FARRIS, BEEZER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The appeal questions 1) the sufficiency of the evidence to convict, 2) the failure to give requested instructions on duress, necessity, and mere presence, and 3) sentencing Nakiso as a career criminal by referring to the indictment and guilty plea from one of his prior convictions.
 
 
 3
 We review sufficiency challenges in the light most favorable to the prosecution and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Medina, 940 F.2d 1247, 1250 (9th Cir.1991). Our careful review of the record satisfies us that under even a less restrictive standard, evidence of participation was sufficient to convict. Further, there was a complete absence of evidence of duress, necessity or any basis to decide that Nakiso was merely present. It was not error to deny the requested instructions on this record.
 
 
 4
 We recognize that defendants are entitled to have a district court instruct a jury on their theory of defense if the instruction is supported by law and has some foundation in the evidence. United States v. Gomez-Osorio, 957 F.2d 636, 642 (9th Cir.1992).
 
 
 5
 Nakiso was not entitled to a duress instruction unless he established a prima facie case of 1) an immediate threat of death or serious bodily injury, 2) a well grounded fear that the threat will be carried out, and 3) lack of a reasonable opportunity to escape the threatened harm. United states v. Beltran-Rios, 878 F.2d 1208, 1213 (9th Cir.1989). On this record, there is nothing to support the giving of the instruction.
 
 
 6
 Nakiso was not entitled to a "greater evil" or "necessity" instruction unless he established the existence of four elements: (1) that he was faced with a choice of evils and chose the lesser evil; (2) that he acted to prevent imminent harm; (3) that he reasonably anticipated a causal relation between his conduct and the harm to be avoided; and (4) that there were no other legal alternatives to violating the law. United States v. Aguilar, 883 F.2d 662, 693 (9th Cir.1989), cert. denied, 498 U.S. 1046 (1991); United States v. Dorrell, 758 F.2d 427, 430 (9th Cir.1985). Nothing in the record indicates that Nakiso was faced with imminent harm and had no other alternative than to participate in the drug deal.
 
 
 7
 Nakiso was not entitled to a "mere presence" instruction so long as the district court's conspiracy instructions adequately covered his defense theory. Whether the district court's instructions adequately covered the defense theory is reviewed de novo. Gomez-Osorio, 957 F.2d at 642; United States v. Mason, 902 F.2d 1434, 1438 (9th Cir.1990). We review the instructions as a whole and consider how a reasonable juror would have understood them in the context of the entire trial. Mason, 902 F.2d at 1441.
 
 
 8
 The instructions given more than adequately cover Nakiso's defense theory. The court was not obligated to use the language chosen by Nakiso. United States v. Taren-Palma, 997 F.2d 525, 535 (9th Cir.1993).
 
 
 9
 We understand but reject Nakiso's contention that he should not have been sentenced as a career criminal.
 
 
 10
 "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. Sec. 4B1.1. Nakiso concedes the first two elements, but argues that he does not have two prior convictions for crimes of violence.
 
 
 11
 The term "crime of violence" includes convictions for robbery and "burglary of a dwelling" punishable by more than one year in prison. U.S.S.G. Sec. 4B1.2 and comment. (n. 1). Nakiso had prior convictions for robbery and second degree burglary. Because Hawaii's second degree burglary statute includes both inhabited and uninhabited buildings, the court could not determine from the statutory definition whether the latter conviction involved the burglary of a dwelling.[1]
 
 
 12
 The court turned to the indictment and guilty plea. The first count of the indictment charged Nakiso with first degree burglary for unlawfully entering or remaining in a dwelling with the intent to commit a crime against a person residing there.[2] Although Nakiso pled guilty to second degree burglary, the guilty plea form he signed stated, "I do not contest the factual allegation contained in the indictments...." Based on the indictment and guilty plea, the court concluded that this offense qualified as Nakiso's second prior felony conviction for a crime of violence.
 
 
 13
 Nakiso argues that the district court's reliance on the indictment and guilty plea is at odds with the "categorical approach" to analyzing a defendant's prior offenses for the purpose of sentence enhancement. See Taylor v. United States, 495 U.S. 575, 600 (1990) (adopting categorical approach to determine whether prior offense constitutes burglary for purpose of sentence enhancement under Armed Career Criminal Act); United States v. Becker, 919 F.2d 568, 570 (9th Cir.1990) (applying categorical approach of Taylor to determine career offender status under Sec. 4B1.1 of the Sentencing Guidelines). We reject the argument. Even United States v. Parker, 5 F.3d 1322 (9th Cir.1993), the case upon which Nakiso relies, recognizes that under the categorical approach, "the sentencing court may refer to the charging paper and judgment of conviction, or to the charging paper and signed plea, when the conviction in question was by guilty plea." Id. at 1327. By looking to Nakiso's indictment and guilty plea, the district court committed no error.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 708-811(1) of the Hawaii Revised Statutes provides:
 A person commits the offense of burglary in the second degree if he intentionally enters or remains unlawfully in a building with intent to commit therein a crime against a person or against property rights.
 
 
 [2]
 Section 708-810(1) of the Hawaii Revised Statutes provides:
 A person commits the offense of burglary in the first degree if he intentionally enters or remains unlawfully in a building, with intent to commit therein a crime against a person or against property rights, and ...
 (c) He recklessly disregards a risk that the building is the dwelling of another, and the building is such a dwelling.